**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4542**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ABDURRAHMAN CETIN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00370-RBH-1)

———————

Submitted:  July 27, 2010          Decided:  August 23, 2010

———————

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John M. Ervin, III, Darlington, South Carolina, for Appellant.
William E. Day, II, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Abdurrahman Cetin was convicted of one count of bank fraud, in violation of 18 U.S.C. § 1344 (2006), and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006). He was sentenced to a total of eighty-four months' imprisonment. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but raising for the court's consideration whether the evidence was sufficient to support the convictions and whether the holding in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009) invalidates the aggravated identity theft convictions. Cetin filed a pro se supplemental brief raising those same two issues and several others. The Government did not file a brief. We affirm.

A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is that evidence which a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court reviews both

2

direct and circumstantial evidence and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review the credibility of witnesses and we assume the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). We conclude that the evidence was more than sufficient to support the four convictions. With regard to the three aggravated identity theft convictions, we note there was sufficient evidence showing Cetin "knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" Flores-Figueroa, 129 S. Ct. at 1888.

Reviewing the jury instructions as to the aggravated identity theft charges, we conclude that even if the district court did not instruct the jury that it must find beyond a reasonable doubt that Cetin knew he was using the means of identification belonging to another person, we find no plain error because there was overwhelming evidence supporting this element of the offense. United States v. Strickland, 245 F.3d 368, 376, 379-81 (4th Cir. 2001).

We have also reviewed the district court's decisions to Cetin's objections to the enhancements under the Sentencing

3

Guidelines and conclude there was no reversible error. In addition, we have reviewed Cetin's remaining issues in his pro se supplemental brief and conclude the issues are without merit.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Finally, this Court considers the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in

4

§ 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We conclude the sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and conclude there are no meritorious issues for appeal. We therefore affirm Cetin's convictions and sentence. This court requires that counsel inform Cetin, in writing, of the right to petition the Supreme Court of the United States for further review. If Cetin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cetin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED